UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                             )
**MARJORIE Y. EVANS,**         )
                                             )         CIVIL ACTION
           **Plaintiff,**          )
                                             )         NO. 18-40104-TSH
                                             )
               **v.**                )
                                             )
**STAPLES, INC. and JESSICA DAGG,** )
                                             )
           **Defendants.**       )
_____ )

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
### (Docket No. 19)

**April 22, 2019**

**HILLMAN, D.J.**

Marjorie Y. Evans ("Plaintiff") brought this action against Staples Contract & Commercial LLC ("Staples") and Jessica Dagg ("Ms. Dagg") (collectively "Defendants") asserting that she was discriminated against on the basis of her race in violation of Mass. Gen. Laws ch. 151B and Title VII.[1] Defendants moved to dismiss all claims for insufficient service of process and, alternatively, for failure to state a claim upon which relief can be granted. (Docket No. 19). For the reasons stated below, Defendants' motion is ***granted*** in part and ***denied*** in part.

**Background**

---

[1] In her Complaint, Plaintiff cites Title II. *See* Docket No. 1-1, at 2. Because Title VII concerns employment discrimination, the Court will assume Plaintiff attempted to assert a Title VII claim.

The factual background is taken from Plaintiff's Complaint, the attached documents, and relevant public records. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 68 (1st Cir. 2014) (citations omitted).

On April 13, 2015, Kforce Professional Staffing ("Kforce") placed Plaintiff in a temporary assignment with Staples to assist Ms. Dagg's project team with clean-up of procurement databases. According to Plaintiff, this assignment was meant to end in August 2015. Plaintiff was initially interviewed for the position over the phone by Ms. Dagg. When she began her employment, and Ms. Dagg learned Plaintiff's race, Plaintiff was placed at a "countertop space" to work with the only other person of color in the office even though there were several cubicles available. She was assured this was only a temporary arraignment, but it did not change. For the duration of her employment, Plaintiff was largely ignored. Ms. Dagg did not respond to her emails which contained inquiries about the position and its responsibilities. In addition, Ms. Dagg did not assign Plaintiff any work. On May 22, 2015, Ms. Dagg terminated Plaintiff's contract, purportedly due to her lack of technical skills. Plaintiff believes these reasons were pretextual and that she was in fact treated differently and fired because of her race.

Plaintiff brought her claim to the Massachusetts Commission Against Discrimination ("MCAD") which found lack of probable cause. (Docket No. 1-1 at 65-67). Plaintiff appealed, and the finding of lack of probable cause was affirmed. *Id.* at 69. On March 16, 2018, the Equal Employment Opportunity Commission adopted the findings of the MCAD and issued a right-to-sue letter. *Id.* at 70. Plaintiff alleges the MCAD either ignored or did not receive information that she provided to support her claims.

## Legal Standard

1. *12(b)(5)*

Rule 12(b)(5) empowers courts to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Rule 4(m) governs the timing of service. It provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

When a defendant challenges the sufficiency of process under Rule 12(b)(5), the plaintiff has "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). When it has been established that service was not timely, the Court "must determine whether the plaintiff has met its burden of establishing 'good cause' for the untimely service." *United States v. Tobins*, 483 F. Supp. 2d 68, 77 (D. Mass. 2007) (citations omitted). The "court must extend the time for service of process if there is good cause shown for the delay." *Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin.*, 225 F.R.D. 393, 395 (D. Mass. 2005). "The mere fact that a plaintiff is *pro se*, however, is not automatically enough to constitute good cause for purposes of Rule 4(m)." *Ayele v. Delta Airlines, Inc.*, 2018 WL 6001021, at *3 (D. Mass. Nov. 15, 2018). In addition, "if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Tobins*, 483 F. Supp. 2d at 77 (quoting *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)).

### 2. 12(b)(6)

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations

are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

### Discussion

1. *Service of Process*

---

Service here was clearly untimely.[2] Accordingly, I must determine whether there is good cause. Good cause is often found where a plaintiff's

> failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance, or the plaintiff is proceeding pro se or in forma pauperis. Pro se status or any other listed explanations for a failure to make timely service, however, is not automatically enough to constitute good cause for purposes of Rule 4(m)

*McIssac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass 2002) (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)). Here, Plaintiff essentially argues that her last-minute attempts at service should be excused because of her overwhelming stress. *See* Docket No. 26, at 24. On the record before me, I am not convinced that Plaintiff's stress is enough to establish good cause.

The Court may in its discretion, however, extend the time period even in the absence of good cause. Here, if Plaintiff were required to refile her claims, her Title VII claims would be time-barred because Title VII requires plaintiffs to file a civil complaint within ninety days of EEOC's issuance of its right-to-sue letter. *See Noviello v. City of Boston*, 398 F.3d 76, 85 (1st Cir. 2005).[3,4] In addition, Plaintiff is proceeding *in forma pauperis* and relied on a marshal to make service. The Advisory Committee specifically notes both of these situations as exceptional circumstances where a court would be justified in granting an extension even without a showing of good cause. *See* Fed R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("Relief

---

[2] In granting Plaintiff's motion for proceed *in forma pauperis*, this Court gave Plaintiff until January 9, 2019 to serve Defendants. On January 17, 2019, Defendants were served—Staples properly and Ms. Dagg improperly. *See* n. 4, *infra*.

[3] Plaintiff received her right-to-sue letter from the EEOC on March 18, 2015, which required her to file a lawsuit in state or federal court within 90 days. If Plaintiff were required to refile, she would be outside of that 90-day window and her Title VII claims would be barred.

[4] For reasons elucidated below, Plaintiff's Chapter 151B claims are time-barred regardless of whether she is required to refile her Complaint.

may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("Shortening the presumptive time for service will increase the frequency of occasions to extend time. More time may be needed, for example, when . . . a marshal is to make service in an in forma pauperis action."). Accordingly, the Court will excuse Plaintiff's untimely service.[5]

### 2. *Chapter 151B Claim*

Defendants argue that the statute of limitations has run on Plaintiff's Chapter 151B. To prevail on a statute of limitations defense at the motion to dismiss stage,

> the facts establishing that defense must: (1) be definitively ascertainable from the complaint and other allowable sources of information, and (2) suffice to establish the affirmative defense with certitude.

*Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008) (quotation marks and citation omitted).

A civil action brought pursuant to Chapter 151B must be filed "not later than three years after the alleged unlawful practice occurred." Mass. Gen. Laws ch. 151B, § 9. "An employment discrimination claim accrues when the employee has unequivocal notice of some harm resulting from an allegedly discriminatory act." *McAleer v. Prudential Ins. Co. of America*, 928 F. Supp. 2d 280, 284 (D. Mass. 2013) (citations omitted).

All the allegations in Plaintiff's Complaint occurred between April 13 and May 22, 2015 when her employment was terminated.[6] Plaintiff has not alleged any discriminatory conduct after

---

[5] Service was also improperly served on Ms. Dagg as it was served on a Staples representative who was not authorized by Ms. Dagg to accept service of legal process on her behalf. *See* Docket No. 20, at 17-19. Because all claims against Ms. Dagg are dismissed for reasons discussed below, however, the Court need not address Plaintiff's improper service on Ms. Dagg.

[6] In her Complaint, Plaintiff claimed that her employment was terminated on or about May 18, 2017. (Docket No. 1-1, at 11). When read in the context of her Complaint, however, it is clear this was a typographical error. Indeed, in her memorandum in opposition to this motion, Plaintiff claims her last day

6

the date of her termination. Therefore, the statute of limitations on Plaintiff's claims ran, at the latest, on May 22, 2018. She did not file her Complaint, however, until June 14, 2018. Thus, I find that the statute of limitations has run on Plaintiff's Chapter 151B claims.

### 3. Title VII Claims

Plaintiff brings Title VII claims against Staples and Ms. Dagg. Title VII does not provide for individual employee liability. *See Fantini v. Salem State College*, 557 F.3d 22, 30 (1st Cir. 2009) ("[T]here is no individual employee liability under Title VII."). Ms. Dagg was an employee of Staples and not Plaintiff's employer. Accordingly, Plaintiff's Title VII claims against Ms. Dagg are dismissed.

Regarding Plaintiff's Title VII claims against Staples, Defendants contend that Plaintiff has failed to plausibly state a claim upon which relief can be granted. Title VII makes it unlawful for employers to:

> (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). "These two proscriptions, often referred to as the 'disparate treatment' (or 'intentional discrimination') provision and the 'disparate impact' provision, are the only causes of action under Title VII." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S.Ct. 2028, 2032, 192 L.Ed.2d 35 (2015). Plaintiff asserts a disparate treatment claim—that her employment was terminated because of her race.

---

of employment was May 22, 2015. In addition, in her MCAD complaint, Plaintiff alleged her employment was terminated on May 19, 2015. (Docket 20-2, at 1).

7

To establish a prima facie case of disparate treatment discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for her position; (3) her employer took an adverse employment action against her; and (4) some evidence of a causal link between her protected status and the adverse employment action. *Bhatti v. Trustees of Boston University*, 659 F.3d 64, 70 (1st Cir. 2011).

Importantly, at the pleading stage, plaintiff is not required to plead facts sufficient to establish a prima facie case. *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013); *see also Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (noting that a plaintiff "need not plead facts sufficient to establish a prima facie case of race-based discrimination to survive a motion to dismiss").  The elements of a prima facie case, however, are not irrelevant to a plausibility analysis in a disparate treatment case. *Rodriguez-Reyes*, 711 F.3d at 54. "Those elements are part of the background against which a plausibility determination should be made." *Id.* (citations omitted); *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) ("[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15, 122 S.Ct. 992 (2002), '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955)); *Ortiz v. Federal Bureau of Prisons*, 290 F. Supp. 3d 96, 103 (D. Mass. 2017) ("[A]t the pleadings stage, the plaintiff must outline specific facts, which if proven would entitle him to relief." (quotation marks and citation omitted)).

 Plaintiff is a member of a protected class.  It is plausible that she was qualified for her position since Ms. Dagg hired her after reviewing her credentials and conducting a phone interview.  Her employer took an adverse action against her by terminating her employment earlier

than expected. *See Mariani-Colon v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 223-24 (1st Cir. 2007) (noting that termination of a plaintiff's employment is an adverse action in the context of Title VII claim). Finally, Plaintiff alleges that after Ms. Dagg learned her race, she was ostracized in the office. Her emails were ignored, she was never trained to do her job, and she was made to work in a separate and smaller workspace. Subsequently, Plaintiff's employment was terminated earlier than agreed upon. Taking these allegations as true, it is plausible that Plaintiff was treated differently, and ultimately fired, because of her race. At this stage, a "plaintiff must allege a series of facts which at the very least gives rise to an inference of discriminatory animus." *Johnson v. General Elec.*, 840 F.2d 132, 138 (1st Cir. 1988) *abrogated on other grounds by Clockedile v. N.H. Dept. of Corr.*, 245 F.3d 1 (1st Cir. 2001). Plaintiff has cleared that hurdle.

## Conclusion

For the reasons stated above, Defendants' motion is ***granted*** in part and ***denied*** in part. Plaintiff's Chapter 151B claims are dismissed. In addition, her Title VII claim against Ms. Dagg is dismissed. Her Title VII claim against Staples, however, survives Defendants' motion.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**